IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-457-D
No. 5:20-CV-695-D

JOSHUA AARON DAVIS,           )
                              )
                 Petitioner,  )
                              )
     v.                       )       **ORDER**
                              )
UNITED STATES OF AMERICA,     )
                              )
                 Respondent.  )

Joshua Aaron Davis ("Davis" or "petitioner") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 181-month sentence [D.E. 152]. In Davis's section 2255 motion, Davis alleges that his counsel was constitutionally ineffective by failing to file an appeal as specifically directed. See id. at 4–6. On February 22, 2021, the government moved to dismiss Davis's motion for failure to state a claim upon which relief can be granted [D.E. 156] and filed a memorandum in support [D.E. 157]. The government argues that the arguments in Davis's section 2255 motion are untimely, procedurally defaulted, and meritless. See [D.E. 157] 1–2. On March 8, 2021, Davis responded in opposition and requested an evidentiary hearing [D.E. 159]. As explained below, the court denies the government's motion to dismiss and directs Magistrate Judge Robert T. Numbers, II to hold an evidentiary hearing concerning Davis's section 2255 motion and to issue a memorandum and recommendation.

I.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a

complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–88, 691–96; see also Lafler, 566 U.S. at 162–65; Frye, 566 U.S. at 140–41; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985);

2

Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Garza v. Idaho, 139 S. Ct. 738, 746–50 (2019); United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see Garza, 139 S. Ct. at 746–50; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

3

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Davis alleges that counsel was ineffective by failing to file a notice of appeal after he specifically directed counsel to do so. See [D.E. 152] 4–6. Davis has stated a claim. See Garza, 139 S. Ct. at 746–50; Flores-Ortega, 528 U.S. at 480; United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, the court directs Magistrate Judge Numbers to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See Diaz v. United States, Nos. 7:09-CR-100-D, 7:11-CV-43-D (E.D.N.C. Nov. 12, 2014), [D.E. 310] (unpublished), report and recommendation adopted, 2014 WL 7384974 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR-126-D, 7:10-CV-69-D, 2013 WL 5222160 (E.D.N.C. Aug. 27, 2013) (unpublished), report and recommendation adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished). The memorandum and recommendation also shall address whether Davis's section 2255 motion is timely.

The court requests Magistrate Judge Numbers to assess Davis's credibility at the hearing. If Magistrate Judge Numbers determines that Davis committed perjury at the hearing concerning his alleged instruction to his former counsel to file an appeal, the memorandum and recommendation should so state. If Davis did perjure himself and later filed a motion for relief under the First Step Act, this court would consider such perjury as part of its analysis under 18 U.S.C. § 3553(a). Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019).

4

II.

In sum, the court DENIES the government's motion to dismiss [D.E. 156] and REFERS Davis's remaining claim to Magistrate Judge Numbers for an evidentiary hearing and memorandum and recommendation.

SO ORDERED. This 11 day of October, 2021.

JAMES C. DEVER III
United States District Judge